[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1222.]

IN RE DISQUALIFICATION OF SPON.

IN RE SUBICH ET AL.

[Cite as *In re Disqualification of Spon*, 2001-Ohio-4100.]

*Judges—Affidavit of disqualification—Judge not disqualified after conversing with father of juvenile litigants when father initiated the telephone conversation and judge appropriately limited the substance of the conversation.*

(No. 01-AP-010—Decided February 2, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Richland County Juvenile Court case Nos. 0038882, 0038883, and 0039293.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Matthew D. Gramley and Charles D. Lynch  seeks the disqualification of Judge Ronald Spon from further proceedings regarding the above-referenced case, *In re Joshua and Aaron Subich.*

{¶ 2} Affiants seek the disqualification of Judge Spon based on a July 2000 telephone conversation he had with the father of their clients.  Having reviewed the participants' respective recollections of this conversation, I cannot conclude that the conversation establishes the existence of bias or prejudice on the part of Judge Spon that requires his disqualification from this case.  Particularly noteworthy is that the juveniles' father initiated the telephone conversation and sought out the judge for advice.  Recognizing that the matters raised by the father might come before him, Judge Spon appropriately attempted to limit the substance of the conversation.  There is nothing in the participants' recollections of this conversation that indicates that the judge attempted to circumvent the juveniles' constitutional right to counsel or compel their admissions to the alleged misconduct, or otherwise garnered information that has affected or will affect his consideration of the

underlying matters. Moreover, the question of whether the juveniles' constitutional rights were violated is a legal issue subject to review on any appeal that may be taken from the trial court rulings.

{¶ 3} Accordingly, the record before me does not support a finding that Judge Spon should be disqualified for the reasons cited by affiants. Should subsequent proceedings make it evident that Judge Spon has material evidence to offer in this matter, I am confident that the judge is cognizant of his obligation to recuse himself pursuant to the Code of Judicial Conduct and the Ohio Rules of Evidence.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Spon.

————————————